**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| NuStar Terminals Operations Partnership L.P., | * | |
| | * | Civil Action No.: |
| Plaintiff, | * | **IN ADMIRALTY** |
| v. | * | |
| | * | |
| MTM MUMBAI, IMO #9242338, its engines, machinery and appurtenances, etc., | * | |
| | * | |
| The Master of the MTM MUMBAI, IMO #9242338, | * | |
| | * | |
| MTM Mumbai Pte. Ltd., | * | |
| MTM Ship Management Pte. Ltd., | * | |
| MT Maritime Pte Ltd. | * | |
| MTM Tanker Trading, LLC, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**VERIFIED COMPLAINT FOR ARREST OF VESSEL *IN REM***

Plaintiff NuStar Terminals Operations Partnership L.P. ("NuStar") hereby files suit against Defendants MTM MUMBAI, IMO #9242338, its equipment, attachments, appurtenances, etc. (the "Vessel"), MTM Mumbai Pte. Ltd., MTM Ship Management Pte. Ltd., MT Maritime Pte Ltd., MTM Tanker Trading, LLC, stating an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h), respectfully represents upon information and belief:

**Jurisdiction and Venue**

1.  This is an admiralty and maritime claim within the jurisdiction of the United

States and this Honorable Court pursuant to 46 U.S.C. § 30101 *et seq.*, and within the meaning of Fed. R. Civ. P. 9(h), because this is an action for property damages caused by the Vessel.

2. Venue is proper in this Court because the incident giving rise to the damages occurred in this District.

**The Parties**

3. NuTOP owns and operates a petroleum products and specialty liquids terminal at 1800 Frankfurst Ave, Baltimore, MD 21226.

4. The Vessel is an oil/chemical tanker, flagged in Singapore.

5. MTM Mumbai Pte. Ltd. is a Singapore corporation and is the registered owner of the Vessel.

6. MTM Ship Management Pte. Ltd. is a Singapore corporation and is the operator and technical manager of the Vessel.

7. MT Maritime Pte Ltd is a Singapore corporation and is the shipmanager and operator of the Vessel.

8. MTM Tanker Trading, LLC is a Singapore corporation and is the disponent owner of the Vessel.

**Facts**

9. On May 23, 2016, at approximately 5:00 p.m. (EDT), the Vessel was astride the loading / discharge pier at NuTOP's terminal.

10. The Vessel had completed its loading / discharge operations and, as a thunderstorm approached, the Vessel pulled away from the pier.

11. When it pulled away, the Vessel's mooring lines caused significant property damage, including but not limited to the following facilities: destruction of headers and attendant

piping and hoses, a crane and its foundation; gangway; electrical wiring, mooring dolphins, and the pier.

12. NuTOP's terminal is no longer operational as a result of damages sustained.

13. The Vessel was not properly prepared for mooring and impending weather and, as a direct result, caused extensive damage to the pier, the dock, and the equipment thereto.

14. The extensive damage caused by the Vessel has rendered the NuTOP terminal inoperable; both the east and west side of dock facility will be out of commission for an undetermined period of time until repairs are completed.

15. NuTOP will suffer economic damages as a result of the incident in the form of, among other things, business interruption and lost business opportunities due to the terminal being out of commission.

16. As the incident occurred less than twenty-four hours ago, inspections are ongoing and, therefore, the extent of damages is not fully known and will likely increase significantly. Further, if the dock's substructure also suffered the same type of damage, the dock may be a total loss.

### COUNT I
### *In Rem* Against the Vessel (Rule C)

17. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

18. NuTOP brings this action to recover damages, both physical and economic, from the Vessel as a result of the incident that occurred on May 23, 2016 between the Vessel and NuTOP's terminal dock.

19. As a result of the incident, the terminal dock suffered extensive damages that will keep the terminal closed for an indefinite period of time while repairs are being made.

20. The Vessel is at fault for the damages. *The Oregon*, 158 U.S. 186 (1895) (when a moving vessel causes damage to a stationary vessel or fixed object, the moving vessel is presumed to have been at fault).

### COUNT II
### Negligence

21. The terminal dock is a stationary object, incapable of getting out of the way of vessels approaching or departing.

22. The Vessel failed to properly operate and maintain its mooring lines and equipment. The Vessel failed in that duty on May 23, 2016.

23. The circumstances of the weather – a thunderstorm – dictated that more than ordinary care was required.

24. The Vessel failed to keep proper lookout, failed to properly operate and/or maintain its mooring lines and attendant equipment, and failed to avoid damage to NuTOP's stationary terminal dock.

25. As a result of the Vessel's negligence, NuTOP's terminal dock was significantly damaged.

26. As the owners, operators, managers, and/or charterers of the Vessel, MTM Mumbai Pte. Ltd., MTM Ship Management Pte. Ltd., MT Maritime Pte Ltd, and MTM Tanker Trading, LLC, are jointly and severally liable for the Vessel's negligence.

WHEREAS, NuTOP has suffered as-yet unquantifiable physical damages as a result of the Defendants' negligence, NuTOP demands at least Fifty Million Dollars ($50,000,000.00) in physical damages. Further, NuTOP will suffer as-yet unquantifiable economic damages as a result of its terminal being non-functional for an indefinite period of time. NuTOP, therefore, demands at least Fifty Million Dollars ($50,000,000.00) in economic damages.

WHEREFORE, Plaintiff prays that in response to Counts I and II, this Court order as follows:

A. That a Warrant of Arrest be issued, and that this Court direct the United States Marshal to arrest the MTM MUMBAI, as well as its engines, machinery and appurtenances, etc., and serve a copy of this Verified Complaint and requiring the Vessel to answer the allegations contained herein; and

B. That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of Admiralty and Maritime Jurisdiction within the meaning of the Constitution of the United States and Fed. R. Civ. P. 9(h), may be issued against the Vessel, its engines, machinery and appurtenances, etc.; and

C. That, after due proceedings, judgment be entered in favor of NuTOP and against the Defendants, jointly and severally, in the amount of at least One Hundred Million Dollars ($100,000,000.00), plus costs and any other further relief this Court deems proper.

Dated: May 24, 2016.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Marios J. Monopolis (#29177)
Casey L. Bryant (#30215)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Tel:   (410) 783-5795
Fax:   (410) 510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com
clbryant@simmsshowers.com

Counsel for NuTOP

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Jean Zeringue, declares under the penalty of perjury:

1. I am a Vice President of NuStar Terminals Operations Partnership L.P. herein;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based information obtained from surveyors and experts performing the evaluations on the damage.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 24, 2016.

_____
Jean Zeringue